**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KENNETH FLOYD PRUTTING,     )   NO. CV 21-2283-PA(E)
                            )
       Petitioner,          )
                            )
  v.                        )   ORDER OF DISMISSAL
                            )
WARDEN FELIPE MARTINEZ, JR.,  )
                            )
       Respondent.          )
                            )

**PROCEEDINGS**

    Petitioner, a federal prisoner, filed a "Petition Pursuant to Title 28 USC § 2241 through Title 28 USC § 2255(d)'s Savings Clause, etc." on March 12, 2021.  The Petition seeks to challenge Petitioner's sentence for possession of a firearm by a felon, imposed in <u>United States v. Prutting</u>, United States District Court for the Middle

///
///
///
///

1   District of Florida case number 92-271-Cr-T-99(B).[1]

2

3       On May 10, 2021, Respondent filed "Respondent's Motion to Dismiss

4   or Transfer Petition, etc." ("Motion to Dismiss or Transfer"),

5   accompanied by exhibits.[2]  On July 19, 2021, Petitioner filed

6   "Petitioner's Motion to Reply to the Government[']s Response for

7   Motion to Dismiss, etc.," which constitutes Petitioner's reply to the

8   Motion to Dismiss or Transfer ("Reply").

9

10                          **BACKGROUND**

11

12      In 1993, in United States District Court for the Middle District

13  of Florida case number 92-271-Cr-T-99(B), a jury found Petitioner

14  guilty of being a felon in possession of a firearm in violation of 18

15  U.S.C. section 922(g)(1) (Petition, p. 3; Respondent's Ex. 3

16  (Reporter's Transcript) ["R.T."] pp. 112-13).  "The maximum punishment

17  for this offense is typically 10 years in prison." United States v.

18  Stitt, 139 S. Ct. 399, 404 (2018); 18 U.S.C. § 924(a)(2).  As

19  discussed below, however, Petitioner received a much longer sentence

20  by reason of his extensive criminal history.

21  ///

22

23      [1]    The Court takes judicial notice of the dockets of, and
    the documents filed in, Petitioner's criminal and collateral
24  proceedings mentioned herein, available on the PACER database at
    https://pacer.uscourts.gov.  See Porter v. Ollison, 620 F.3d 952,
25  954-55 n.1 (9th Cir. 2010) (federal court may take judicial
    notice of court proceedings).
26

27      [2]    The Motion to Dismiss or Transfer refers to a
    "presentence investigative report" which is not included in
28  Respondent's exhibits and is not to be found anywhere else in the
    record (see, e.g., Motion to Dismiss or Transfer, pp. 2, 3, 15).

1    The evidence at trial, including Petitioner's own admissions,

2 showed that Petitioner had suffered three prior felony robbery

3 convictions in Connecticut: (1) a conviction for a second degree

4 robbery committed in 1980, involving Petitioner's taking of a

5 television and a radio while armed with a BB gun (which Petitioner had

6 put into a garbage bag "to make it look like it was a real gun");

7 (2) a conviction for a first degree robbery committed in 1981, two

8 months after the previous robbery (this robbery involved the taking of

9 money from a girlfriend after Petitioner slapped her and spit on her);

10 and (3) a 1984 conviction for a 1983 first degree armed robbery of a

11 liquor store carried out by Petitioner's confederates while Petitioner

12 allegedly remained in the car (Respondent's Ex. 3 (R.T. 56-58, 61-62,

13 77-80, 84-85)).  In a consolidated proceeding in 1982, Petitioner had

14 pled guilty to the 1980 robbery and the 1981 robbery (R.T. 78-79; see

15 Petition, p. 27; Reply, pp. 10-11 & Ex. 2).  Petitioner had received a

16 suspended prison sentence of 2 1/2 to 5 years plus three years'

17 probation for the 1980 robbery and a prison sentence of 30-31 months

18 for the 1981 robbery (Reply, Ex. 2).  In 1984, Petitioner received a

19 prison sentence of 20 years for the 1983 robbery (R.T. 61).

20

21    Based on Petitioner's three prior robbery convictions, the

22 District Court in the federal case determined that Petitioner was an

23 armed career criminal under the Armed Career Criminal Act ("ACCA"), 18

24 U.S.C. section 924(e) (Respondent's Ex. 6, p. 10).  Under section

25 924(e), a person who violates § 922(g)(1) "and has three previous

26 convictions . . . for a violent felony . . . , committed on occasions

27 different from one another," shall be imprisoned for a minimum of

28 fifteen years.  18 U.S.C. section 924(e)(1); see United States v.

1   <u>Walker</u>, 953 F.3d 577, 579 (9th Cir. 2020), <u>cert. denied</u>, 141 S. Ct.

2   1084 (2021) (citation omitted); <u>see also</u> <u>Sessions v. Dimaya</u>, 138 S.

3   Ct. 1204, 1211-12 (2018) ("ACCA prescribes a 15-year mandatory minimum

4   sentence if a person convicted of being a felon in possession of a

5   firearm has three prior convictions for a 'violent felony.'")

6   (citation omitted).

7

8       ACCA defines a "violent felony" as "any crime punishable by

9   imprisonment for a term exceeding one year . . . that — (i) has as an

10   element the use, attempted use, or threatened use of physical force

11   against the person of another [known as the force clause or the

12   elements clause]; or (ii) is burglary, arson, or extortion, involves

13   use of explosives [known as the enumerated felonies clause], or

14   otherwise involves conduct that presents a serious potential risk of

15   physical injury to another [known as the residual clause]." <u>United</u>

16   <u>States v. Lawrence</u>, 905 F.3d 653, 657 n.5 (9th Cir. 2018) (brackets in

17   original); 18 U.S.C. § 924(e)(2)(B).

18

19       The sentencing court did not expressly identify under which ACCA

20   clause the court deemed Petitioner's robberies to be violent

21   felonies.[3]  Petitioner received a total ACCA sentence of 264 months,

22   to run consecutive to a Connecticut sentence on an escape conviction

23   (Petition, p. 3; Respondent's Lodgment 1, Respondent's Ex. 4;

24

25       [3]    See <u>Prutting v. United States</u>, 723 Fed. App'x 886, 888
    & n.2 (11th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 788 (2019) ("The
26   Presentence Investigation Report ('PSI') does not state which
    clause of the ACCA supported an enhancement.  In a sentencing
27   hearing on September 7, 1993, the District Court stated that 'the
    Defendant is an armed career criminal.'  It said no more on the
28   matter.").

Respondent's Ex. 6, pp. 12-15).

Petitioner appealed, arguing that the trial court had abused its discretion by denying a continuance and also had erred by admitting certain evidence concerning Petitioner's prior convictions.  See United States v. Prutting, United States Court of Appeals for the Eleventh Circuit case number 93-2692, "Initial Brief of Appellant, etc.," 1993 WL 13630743 (filed Dec. 10, 1993).  The United States Court of Appeals for the Eleventh Circuit affirmed in an unpublished disposition.  See United States v. Prutting, 24 F.3d 254 (11th Cir. 1994) (table).

On June 21, 2016, Petitioner filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, etc." in United States v. Prutting, United States District Court for the Middle District of Florida case number 8:16-CV-01673.  In this section 2255 motion, Petitioner argued that his sentence was unlawful under Johnson v. United States, 576 U.S. 591 (2015) ("Johnson").  Johnson had held unconstitutional ACCA's residual clause (18 U.S.C. section 924(e)(2)(B)(ii)).  On April 18, 2016, the United States Supreme Court held that Johnson had announced a substantive rule of law which applied retroactively on collateral review.  Welch v. United States, 136 S. Ct. 1257 (2016).

On November 2, 2016, the District Court denied Petitioner's section 2255 motion, ruling: (1) the motion was untimely; and (2) the Johnson argument failed on the merits because Petitioner's robbery convictions were violent felonies under ACCA's elements clause (see

Order filed November 2, 2016 in Prutting v. United States, United States District Court for the Middle District of Florida case number 8:16-cv-1673-T-24TGW). On February 1, 2018, the United States Court of Appeals for the Eleventh Circuit affirmed. See Prutting v. United States, 723 Fed. App'x 886 (11th Cir. 2018), cert. denied, 139 S. Ct. 788 (2019). On January 7, 2019, the United States Supreme Court denied certiorari. Prutting v. United States, 139 S. Ct. 788 (2019).

On October 8, 2020, Petitioner filed an "Application for Leave to File a Second or Successive Habeas Corpus Petition, etc." in the United States Court of Appeals for the Eleventh Circuit, in In re Prutting, case number 20-13780. Petitioner sought to challenge his sentence on the ground that the prosecution purportedly failed to prove that Petitioner knew both that he possessed a firearm and that he belonged within the relevant category of persons who cannot lawfully possess firearms, as allegedly required by Rehaif v. United States, 139 S. Ct. 2191 (2019) ("Rehaif") (see "Motion Requesting the Court to Excuse the Delay, etc.," filed October 8, 2020 in United States Court of Appeals for the Eleventh Circuit case number 20-13780). Rehaif held that 18 U.S.C. section 924(a)(2), which authorizes imprisonment for up to ten years if the defendant "knowingly" violates section 922(g), requires that the defendant know not only that he or she possessed a firearm, but also that he or she had the relevant status while possessing the firearm. Rehaif, 139 S. Ct. at 2194, 2200. Thus, an individual charged with possession of a firearm by a felon must "know[] of his status as a person barred from possessing a firearm." Id. at 2195. On October 16, 2020, the United States Court of Appeals for the Eleventh Circuit denied Petitioner's

application to file a second or successive section 2255 motion.

**PETITIONER'S CONTENTIONS**

Petitioner contends:

1.  Petitioner assertedly is actually innocent of the section 922(g)(1) offense because: (a) the jury instructions allegedly were invalid under <u>Rehaif</u>; (b) the asserted "misinformation" concerning the elements of 922(g)(1) allegedly violated Petitioner's purported "automomy interest" under the Fifth and Sixth Amendments to make "an informed choice" concerning "how to protect his liberty interest"; and (c) Petitioner supposedly had not possessed a firearm (<u>see</u> Petition, pp. 4, 8; Reply, pp. 6-9) (Ground One); and

2.  Petitioner assertedly is actually innocent of the ACCA enhancement because: (1) "two of his priors [<u>i.e.</u>, the two robbery convictions which were consolidated for sentencing] were consolidated and should have only been counted as one" for purposes of section 924(e)[4]; and (2) the second degree robbery allegedly did not qualify

---

[4]     <u>But see</u> <u>United States v. Maxey</u>, 989 F.2d 303, 306 (9th Cir. 1993) (for purposes of ACCA sentencing, "offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing.") (citation omitted); <u>see also</u> <u>United States v. Powell</u>, 441 Fed. App'x 502, 507 (9th Cir. 2011) (two convictions for burglaries which "took place on the same day, were charged in the same indictment, and resulted in concurrent sentences" "'arose from two separate and distinct criminal episodes'" because "the burglaries occurred at two separate locations, at different times, and were perpetrated against different victims.") (citations omitted).

as a "crime of violence" under <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016) ("<u>Mathis</u>") (holding that a prior conviction does not qualify as a predicate violent felony under the ACCA if the statute of conviction enumerates multiple, alternative factual means of satisfying a single element), and <u>Descamps v. United States</u>, 570 U.S. 254 (2013) ("<u>Descamps</u>") (holding that when the prior conviction statute contains a single, indivisible set of elements, the sentencing court may not look beyond those elements in deciding whether to apply the ACCA sentence enhancement) (<u>see</u> Petition, pp. 4, 27-28) (Ground Two).

**DISCUSSION**

A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  A prisoner generally may not substitute a habeas petition under 28 U.S.C. section 2241 for a section 2255 motion.  <u>See</u> 28 U.S.C. § 2255; <u>see also</u> <u>Stephens v. Herrera</u>, 464 F.3d 895, 897-99 (9th Cir. 2006), <u>cert. denied</u>, 549 U.S. 1313 (2007); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000).

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such
> court has denied him relief, unless it also appears that the

1        remedy by motion is inadequate or ineffective to test the

2        legality of his detention.

3

4  28 U.S.C. § 2255(e); see Stephens v. Herrera, 464 F.3d at 897-99;

5  Hernandez v. Campbell, 204 F.3d at 864.  Here, Petitioner has applied

6  for, and has been denied, section 2255 relief in the sentencing court.

7

8      "Under the savings clause of § 2255, however, a federal prisoner

9  may file a habeas corpus petition pursuant to § 2241 to contest the

10  legality of a sentence where his remedy under section 2255 is

11  'inadequate or ineffective to test the legality of his detention.'"

12  Hernandez v. Campbell, 204 F.3d at 864-65; see also Stephens v.

13  Herrera, 464 F.3d at 897.  This "savings clause" exception to section

14  2255 exclusivity is a "narrow" exception.  Ivy v. Pontesso, 328 F.3d

15  1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United

16  States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  "The general rule

17  in this circuit is that the ban on unauthorized second or successive

18  petitions does not per se make § 2255 inadequate or ineffective."

19  Stephens v. Herrera, 464 F.3d at 898 (citations, quotations and

20  brackets omitted).  Mere lack of success in the sentencing court does

21  not render the section 2255 remedy "inadequate or ineffective."

22  Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972), cert.

23  denied, 410 U.S. 912 (1973); see Tripati v. Henman, 843 F.2d 1160,

24  1163 (9th Cir.), cert. denied, 488 U.S. 982 (1988) ("the district

25  court's previous denial of relief on the merits is not alone

26  sufficient to show that the section 2255 remedy is inadequate").  If

27  the rule were otherwise, every disappointed prisoner/movant

28  incarcerated in a district different from the sentencing district

could pursue a repetitive section 2241 petition in the district of incarceration.  Petitioner bears the burden of proving the inadequacy or ineffectiveness of the section 2255 remedy.  See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963); Gasaway v. Jusino, 2021 WL 3042275, at *3 (C.D. Cal. June 1, 2021), adopted, 2021 WL 3037391 (C.D. Cal. July 16, 2021).

A federal prisoner may file a section 2241 petition under the savings clause only if the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012), cert. denied, 568 U.S. 1173 (2013) (citation and internal quotations omitted); accord Pavulak v. Blanckensee, ___ F.4th ___, 2021 WL 3379040, at *2 (9th Cir. Aug. 4, 2021).

I.  **Unobstructed Procedural Shot**

In analyzing whether a petitioner previously had an "unobstructed procedural shot," the Court considers: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 555 U.S. 911 (2008) (internal quotations omitted).

///

///

A.  **Ground One (Rehaif Claim)**

The Supreme Court issued its <u>Rehaif</u> decision on June 21, 2019, approximately two and a half years after the sentencing court denied Petitioner's first section 2555 petition (on November 2, 2016), over a year after the Eleventh Circuit affirmed that decision (on February 1, 2018), and over five months after the Supreme Court denied certiorari (on January 7, 2019).  As indicated above, Petitioner unsuccessfully raised his <u>Rehaif</u> claim in his application to file a second or successive section 2255 motion filed in the Eleventh Circuit.

"Second or successive section 2255 motions are subject to the gatekeeping procedures 'provided in [28 U.S.C. section] 2244.'"  <u>Ezell v. United States</u>, 778 F.3d 762, 764 (9th Cir.), <u>cert. denied</u>, 577 U.S. 916 (2015).  Section 2244(b)(3)(A) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals.  <u>Hughes v. United States</u>, 770 F.3d 814, 817 (9th Cir. 2014); 28 U.S.C. § 2244(b)(3)(C).  "[A] federal prisoner may not file a second or successive § 2255 petition unless he or she makes a prima facie showing to the appropriate court of appeals that the petition is based on: (1) 'a new rule,' (2) 'of constitutional law,' (3) 'made retroactive to cases on collateral review by the Supreme Court,' (4) 'that was previously unavailable.'"  <u>Ezell v. United States</u>, 778 F.3d at 765 (citations and footnote

///
///
///
///

omitted); 28 U.S.C. § 2255(h)(2); see 28 U.S.C. § 2244(b)(2)(A).[5]

The Eleventh Circuit denied Petitioner's application for leave to file a second or successive section 2255 motion based on its ruling in In re Wright, 942 F.3d 1063 (11th Cir. 2019).  Therein, the Eleventh Circuit ruled that Rehaif "did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)."  See In re Wright, 942 F.3d at 1065 (citation omitted); accord Tate v. United States, 982 F.3d 1226 (9th Cir. 2020); Mata v. United States, 969 F.3d 91 (2d Cir. 2020); In re Sampson, 954 F.3d 159 (3d Cir. 2020).  In re Wright further held that the Supreme Court had not made Rehaif retroactive on collateral review.  Id. at 1065.

However, several courts have held that Rehaif's statutory holding is retroactive on collateral review in an initial section 2255 motion. See, e.g., Baker v. United States, 848 Fed. App'x 188, 189-90 (6th Cir. 2021); Kelley v. United States, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021), pet. for cert. filed June 9, 2021 (No. 20-8267); United States v. Harris, 2021 WL 3408506, at *2-4 (D. Mont. Aug. 4, 2021). Here, because Petitioner's Rehaif statutory claim did not become available until well after the date the Supreme Court denied

---

[5]   A court of appeals also may grant an application to file a second or successive section 2255 motion where the motion is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).  In his application to the Eleventh Circuit, Petitioner did not assert any claim based on any newly discovered evidence.

certiorari with respect to Petitioner's section 2255 motion, and because that statutory claim does not satisfy the criteria for filing a second or successive section 2255 motion, Petitioner has never had an "unobstructed procedural shot" at presenting his statutory <u>Rehaif</u> claim.[6]  <u>See</u> <u>Stephens v. Herrera</u>, 464 F.3d at 898 (where movant's statutory claim did not satisfy requirements for second or successive motions, movant "has not had (and, indeed, will never get) an opportunity to present his [statutory] claim in a § 2255 motion"; hence, movant had not had an "unobstructed procedural shot" at presenting claim).  Even so, for the reasons explained <u>infra</u>, Petitioner has failed to show the requisite "actual innocence" with respect to his statutory <u>Rehaif</u> claim and therefore the savings clause does not apply to this claim.

## B.  <u>Ground Two (ACCA Claim)</u>

Petitioner could have raised on appeal his claim that the sentencing court should have consolidated two of his prior robbery convictions.  Indeed, Petitioner's counsel made this precise argument at sentencing, and the sentencing court rejected the argument.  The court commented that the two offenses were "different crimes that were committed on different dates with separate sentences that are [sic] declared as such" (Respondent's Ex. 6, pp. 6-9).  The court also

---

[6]      Indeed, the concurrence in the Eleventh Circuit decision denying Petitioner's application to file a second or successive section 2255 motion suggested that, because Petitioner's <u>Rehaif</u> claim was statutory only, Petitioner could bring a section 2241 petition asserting that claim.  <u>See</u> <u>In re Prutting</u>, United States Court of Appeals for the Eleventh Circuit case number 20-13780, Order filed October 16, 2020, pp. 4-12).

commented that the fact both sentences were imposed on the same day was not "of any consequence." (Id.).  Petitioner also could have raised this claim in his first section 2255 motion, although he possibly would have had to surmount a procedural default bar.[7] Petitioner does not allege, and the record does not show, that the legal basis for this claim post-dated the decision on Petitioner's first section 2255 motion, or that the law changed in any relevant way after the conclusion of Petitioner's section 2255 proceeding. Therefore, Petitioner did not lack an "unobstructed procedural shot" at presenting this claim.

To the extent Petitioner claims that his sentence violated Mathis and Descamps, Petitioner also has failed to show he lacked an "unobstructed procedural shot" at asserting such claim(s).  The United States Supreme Court decided Descamps on June 20, 2013, years before Petitioner filed his section 2255 motion in the sentencing court.  The Supreme Court decided Mathis on June 23, 2016, only two days after Petitioner filed his section 2255 motion.  The sentencing court did not rule on the section 2255 motion until November 2, 2016, months after Mathis.  Petitioner could have sought to amend his section 2255 motion expressly to assert his Mathis/Descamps claim.  Indeed, it appears that the Mathis/Descamps claim actually was at issue in the section 2255 proceeding.  The Government cited Mathis in its opposition to Petitioner's section 2255 motion (see "United States'

---

[7]   "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003), cert. denied, 543 U.S. 853 (2004) (citations omitted).

Response in Opposition to Prutting's Motion to Vacate, etc.," filed September 12, 2016 in <u>Prutting v. United States</u>, United States District Court for the Middle District of Florida case number 8:16-cv-01673, at pp. 14-15).  The sentencing court cited <u>Descamps</u> in denying the section 2255 motion (<u>see</u> "Order" filed November 2, 2016 in <u>Prutting v. United States</u>, United States District Court for the Middle District of Florida case number 8:16-cv-01673, at p. 3).  Petitioner has failed to show that the legal basis for his <u>Mathis</u>/<u>Descamps</u> claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion."   See <u>Harrison v. Ollison</u>, 519 F.3d at 960. Thus, Petitioner has failed to show he lacked an "unobstructed procedural shot" at presenting this claim.  See <u>Pavulak v. Blanckensee</u>, ___ F.4th ___,  2021 WL 3379040, at *2 (9th Cir. 2021) (petitioner had "unobstructed procedural shot" at <u>Mathis</u> claim, where <u>Mathis</u> "came down before he had exhausted his original § 2255 motion"); <u>see generally</u> <u>Harrison v. Ollison</u>, 519 F.3d at 960.

     To the extent Petitioner also claims that his sentence violated <u>Johnson v. United States</u> (<u>see</u> Reply, pp. 10-11), as indicated above, Petitioner unsuccessfully raised this claim in his section 2255 motion.  Petitioner obviously had an "unobstructed procedural shot" at

///

///

///

///

///

///

///

presenting the Johnson claim, and Petitioner previously took his
shot.[8]

In sum, Petitioner has failed to show that he lacked an
"unobstructed procedural shot" at presenting his challenges to his
ACCA sentence.  In light of this conclusion, the Court need not, and
does not, address the issue of whether Petitioner has shown "actual

///

///

///

///

///

///

---

[8]     Petitioner's argument that he had no "unobstructed
procedural shot" at presenting his Johnson claim because the
Florida court denied Petitioner's section 2255 motion as untimely
as well as on the merits is wholly unpersuasive.  See Ivy v.
Pontesso, 328 F.3d 1057, 1060 (9th Cir.), cert. denied, 540 U.S.
1051 (2003) ("it is not enough that the petitioner is presently
barred from raising his claim . . . by motion under § 2255.  He
must never have had the opportunity to raise it by motion."); see
also Sanchez v. Matevousian, 677 Fed. App'x 451 (9th Cir. 2017),
cert. denied, 138 S. Ct. 716 (2018) ("Sanchez cannot establish
that he has not had an 'unobstructed procedural shot' at
presenting his claim, because he could have filed a timely
section 2255 motion in the sentencing court"); Garcia-Guia v.
Jusin, 2020 WL 6370167, at *5 (C.D. Cal. Sept. 10, 2020),
adopted, 2020 WL 6363891 (C.D. Cal. Oct. 26, 2020) ("the fact
that the district court denied Petitioner's § 2255 motion on
timeliness grounds does not mean that § 2255 is an inadequate or
ineffective remedy."); James v. Warden, 2020 WL 710158, at *1
(C.D. Cal. Jan. 14, 2020) ("just because [movant's] § 2255 motion
was denied as untimely does not mean that he lacked an
'unobstructed procedural shot' to pursue his claim") (citation
omitted).  Moreover, the Florida District Court rejected
Petitioner's claim on the merits as well as on the basis of
untimeliness.

innocence" of his ACCA sentence.[9]

## II.  **Alleged Actual Innocence of Section 922(g) Conviction (Including Petitioner's Rehaif Claim)**

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (internal quotations omitted). "'Actual innocence' means factual innocence, not mere legal insufficiency." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012), cert. denied, 568 U.S. 1173 (2013) (quoting Bousley v. United States, 523 U.S. at 623) (internal brackets omitted).  "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

Petitioner contends he is "actually innocent" of the section 922(g)(1) offense because Rehaif allegedly invalidated the jury instructions used at Petitioner's trial (Petition, pp. 7-10). Petitioner also asserts a purported violation of an "autonomy

---

[9]     Additionally, to the extent Petitioner contends that the Connecticut robbery convictions do not qualify as violent felony convictions under ACCA, the Court observes that the United States Court of Appeals for the Second Circuit has held otherwise.  See Estremera v. United States, 944 F.3d 452, 455 (2d Cir. 2019) (Connecticut convictions for first and second degree robbery qualify as prior felonies under 18 U.S.C. § 924(e)(2)(B)).

interest," on the ground that the indictment assertedly did not allege the _Rehaif_ element of Petitioner's knowledge of Petitioner's felon status at the time of the instant offense, thereby depriving Petitioner of the ability to decide whether or not to plead guilty (Petition, pp. 25-26).  In the Reply, Petitioner also argues that he is "actually innocent" of the underlying conviction because he supposedly had not possessed the firearm (Reply, pp. 8-9).

_Rehaif_ held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." _Rehaif_, 139 S. Ct. at 2200.  The Government need not prove, however, that the defendant knew the defendant's status prohibited him or her from possessing a firearm.  _United States v. Singh_, 979 F.3d 697, 727 (9th Cir. 2020), _cert. denied_, ___ U.S. ___, 2021 WL 2044557 (U.S. May 24, 2021).

"[T]he mere fact of an improper instruction is not sufficient to meet the test for actual innocence."  _Stephens v. Herrera_, 464 F.3d at 899.  Petitioner does not appear to contend that, at the time Petitioner committed the instant offense, he was unaware that he had suffered the three prior robbery convictions.  Petitioner admitted at trial having suffered the three prior felony robbery convictions (R.T. 76-80, 84-85).  Petitioner acknowledged at trial that he was a convicted felon who had been in prison (R.T. 76, 80).  Petitioner also expressly testified that, at the time of the instant alleged offense, Petitioner well knew of his three prior felonies (R.T. 80, 82).  In

fact, Petitioner exploited his admitted knowledge of the prior
felonies to attempt to persuade the jury that such knowledge made it
unlikely he would have possessed a gun at the time in question:

> Here today they are trying to tell you they took the gun off
> me.  They did not take the gun off me.  I dealt with the
> law; why would I carry the gun when I know they are going to
> give me life for the gun because I have got three felonies?
> Everybody knows this.  I'm not going to run out of the house
> with the gun in my hand because I know there's either two
> options: They're either going to shoot me there or give me
> life for it, you know.
>
> . . .
>
> [¶] . . . I'm not that idiotic.  I know very well that three
> felonies and you get possession of a weapon after that,
> whether you do a crime or not, you spend 15 to life in
> prison.  I know that. . . .

(R.T. 80, 82).

Petitioner also admitted that he had received a twenty-year
sentence for first degree robbery, and he stipulated before the jury
that he was a felon (R.T. 61-62).  As indicated above, exhibits
attached to Petitioner's Reply show that all three prior robberies
carried a sentence of "imprisonment for a term exceeding one year."
In fact, Petitioner received prison sentences exceeding one year for

all three prior convictions.

Petitioner's trial testimony and exhibits compellingly prove that Petitioner was aware, at the time of the instant offense, that he belonged to the relevant category of persons barred from possessing a firearm.  Consequently, Petitioner has failed to show his "actual innocence" of the ACCA sentence.  See Greer v. United States, 141 S. Ct. 2090, 2097 (2021) (defendants' prior convictions constituted "substantial evidence that they knew they were felons"; "If a person is a felon, he ordinarily knows he is a felon.  Felony status is simply not the kind of thing that one forgets.") (citation and quotations omitted); United States v. Johnson, 979 F.3d 632, 639 (9th Cir. 2020), cert. denied, 2021 WL 2519320 (U.S. June 21, 2021) ("In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury (or judge, if he opted again for a bench trial) would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison."); United States v. Kisto, 2021 WL 2792275, at *7 (D. Ariz. Apr. 29, 2021), adopted, 2021 WL 2221037 (D. Ariz. June 2, 2021) ("Given Movant's past felony convictions and sentences punishable (and punished) with sentences in excess of one year, he has not shown that 'it is more likely than not that no reasonable juror would have convicted him' of violating § 922(g)(1)") (parentheses in original).

Petitioner's "autonomy interest" argument also fails to demonstrate his purported "actual innocence."  Petitioner appears to have borrowed this argument from the Fourth Circuit's structural error holding in United States v. Gary, 954 F.3d 194, 205 (4th Cir. 2020),

1  rev'd sub nom. Greer v. United States, 141 S. Ct. 2090 (2021).

2  However, the Supreme Court reversed this holding. See Greer v. United

3  States, 141 S. Ct. at 2096.  A Rehaif error is not structural;

4  Petitioner's "autonomy interest" argument fails as a matter of law.

5  See id.

6

7      Petitioner also alleges that, if he had known of Rehaif's new

8  element requirement, he would have pled guilty.  This allegation

9  plainly does not establish "actual innocence."  To the contrary,

10 Petitioner's allegation that he would have pled guilty had he known of

11 Rehaif tends to contradict Petitioner's claim of "actual innocence."

12 See Leaks v. United States, 2020 WL 2092840, at *3 (M.D. Fla. May 1,

13 2020) ("Leaks' insistence on his innocence contradicts his assertion

14 that he would have pleaded guilty.").

15

16     Nor can Petitioner demonstrate "actual innocence" of the instant

17 offense on the ground that he supposedly had not possessed the

18 firearm.  An individual's mere assertion of "actual innocence,"

19 without the introduction of "evidence tending to show that he did not

20 commit the [acts] underlying his convictions," is insufficient to show

21 "actual innocence."  See Marrero v. Ives, 682 F.3d at 1192; see also

22 Schlup v. Delo, 513 U.S. at 324 ("To be credible, [an actual

23 innocence] claim requires petitioner to support his allegations of

24 constitutional error with new reliable evidence -- whether it be

25 exculpatory scientific evidence, trustworthy eyewitness accounts, or

26 critical physical evidence -- that was not presented at trial.

27 Because such evidence is obviously unavailable in the vast majority of

28 cases, claims of actual innocence are rarely successful.") (emphasis

1  added).

2

3       At trial, a police officer testified that he saw Petitioner

4  climbing to a roof while holding a gun (R.T. 22, 30-31).  The

5  prosecution's evidence also showed that, after officers apprehended

6  Petitioner, Petitioner said, "I threw down the gun" (R.T. 24).  The

7  evidence further showed that, after the officers brought Petitioner to

8  the ground, they located a gun in Petitioner's jacket pocket (R.T. 28-

9  29, 40-41, 45).  Petitioner did testify that he supposedly did not

10 have a gun when he ran from police and that the gun allegedly belonged

11 to a woman with whom Petitioner was living (R.T. 74-76, 80).

12 Petitioner also denied telling an officer that Petitioner had the gun

13 (R.T. 89).  However, the jury clearly rejected Petitioner's version of

14 events, deliberating less than an hour before finding Petitioner

15 guilty (R.T. 111-13).  Petitioner has failed to submit any new,

16 reliable evidence "tending to show that he did not commit the [acts]

17 underlying his conviction[]."  <u>See</u> <u>Marrero v. Ives</u>, 682 F.3d at 1192;

18 <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. at 324.

19

20      In sum, Petitioner has not shown "actual innocence" of his

21 conviction sufficient to come within the "savings clause" of section

22 2255(e).

23

24 **III.  <u>Transfer Is Inappropriate.</u>**

25

26      For the reasons discussed above, the present Petition is a

27 disguised section 2255 motion over which this Court lacks

28 jurisdiction.  A court lacking jurisdiction over a civil action may

transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice."  28 U.S.C. § 1631; see Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001).  "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." Id. at 1074 (citations and quotations omitted).  In the present case, however, a transfer to the sentencing court would be an idle act.  Transfer to the sentencing court would not benefit Petitioner because the sentencing court would be unable to entertain the matter absent Eleventh Circuit authorization.  See 28 U.S.C. §§ 2244, 2255(h); Copeland v. Martinez, 2020 WL 2097745, at *3 (C.D. Cal. Apr. 30, 2020) (transfer of successive section 2255 motion to sentencing court would be futile where petitioner had not obtained authorization to file motion from the court of appeals); Crosby v. Ives, 2014 WL 6884017 (C.D. Cal. Dec. 3, 2014) (same); Scott v. Ives, 2009 WL 2051432 (E.D. Cal. July 10, 2009) (same).  Petitioner evidently has not obtained such authorization.  The Eleventh Circuit's docket does not reflect that any person named Kenneth Prutting has obtained authorization to file a second or successive section 2255 motion since the Eleventh Circuit denied Petitioner's application to file a second or successive section 2255 motion on October 16, 2020.  See 28 U.S.C. §§ 2244, 2255(h).  Therefore, transfer is inappropriate.

///

///

///

///

**ORDER**

1        For the foregoing reasons, the Petition is denied and dismissed

2   without prejudice.

3

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6            DATED: August 25, 2021.

7

8                                    PERCY ANDERSON

9                           UNITED STATES DISTRICT JUDGE

10

11  Presented this 25th day of

12  August, 2021, by:

13

14  _____/S/_____
                CHARLES F. EICK
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28